# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50066 | **DATE** | 2/7/2013 |
| **CASE TITLE** | Kathy Dainty vs. Talecris Plasma Resources, Inc. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion for judgment on the pleadings is granted. Judgment is entered in favor of defendant and against plaintiff. This case is terminated.

*Philip G. Reinhard*

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT - OPINION

Plaintiff, Kathy Dainty, pro se, brings this action against her former employer, defendant, Talecris Plasma Resources, Inc., alleging employment discrimination based on color, disability, race and sex. She also alleges retaliation. This court's subject matter jurisdiction is premised on federal question jurisdiction. 28 U.S.C. § 1331. Defendant moves for judgment on the pleadings, Fed. R. Civ. P. 12(c), or dismissal for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3). Defendant raised judicial estoppel as an affirmative defense and argues it requires judgment in its favor or dismissal.

Plaintiff filed charges of discrimination with the EEOC on June 18, 2007, and July 23, 2007. On September 11, 2009 plaintiff filed a voluntary Chapter 7 bankruptcy petition in the Bankruptcy Court for the Northern District of Illinois, case number 09-73924. On October 20, 2009, the bankruptcy trustee filed a no asset/no distribution report finding there was no property available for distribution to creditors. On December 16, 2009, plaintiff obtained a bankruptcy discharge and on December 22, 2009, the bankruptcy case was closed. The EEOC issued right to sue letters on December 5, 2011. Plaintiff filed her complaint in this court on February 21, 2012.

Plaintiff failed to disclose the existence of her discrimination and retaliation claims against defendant in her bankruptcy case. The Schedule B (Personal Property) filed by plaintiff in her bankruptcy case stated she owned no "contingent and unliquidated claims." The Statement of Financial Affairs she filed required her to list "all suits and administrative proceedings" to which she "is or was a party within **one year** immediately preceding the filing of this bankruptcy case." (Emphasis in original). She answered "None."

Judicial estoppel precludes a bankruptcy debtor "who denies owning an asset, including a chose in action or other legal claim," from realizing on that asset after the bankruptcy ends. Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006). This is precisely what plaintiff is attempting to do. Plaintiff did not disclose she had two charges pending with the EEOC when she filed bankruptcy. She did not list any contingent or unliquidated claims. Her bankruptcy resulted in a discharge of all her debts denying her creditors an opportunity to recover anything on those debts from her at that time or in the future. Even assuming plaintiff's omission was inadvertent rather than intentional, plaintiff did not seek to reopen her

**STATEMENT - OPINION**

bankruptcy case and file amended schedules so that her creditors could benefit from any recovery on her claims against defendant. Id.  Plaintiff is barred by judicial estoppel from prosecuting this case.

Plaintiff argues she relied on her attorney in the bankruptcy case and that she was ignorant of the law. But as Cannon-Stokes, observed a client is bound by the consequences of advice the client chooses to follow. Id. at 449.

For the foregoing reasons, defendant's motion for judgment on the pleadings is granted.  Judgment is entered in favor of defendant and against plaintiff.  This case is terminated.  The clerk is directed to serve a copy of this order on the bankruptcy trustee, Megan G. Heeg, at Ehrmann, Gehlbach, et al, PO Box 447, 215 E. First St., Suite 100, Dixon, IL 61021-0447.